PAUL LIVOTI, as County Clerk of Queens County, Plaintiff, v. MAURICE A. FITZGERALD, as Sheriff of Queens County, Defendant.— Submission of controversy upon an agreed statement of facts. This court is requested to construe the amendment to article X, section 1, of the Constitution of the State of New York, effective January 1, 1936, and to decide (1) whether, pursuant to such amendment, the county clerk of Queens county or the sheriff of that county is empowered to sign and to serve the notices upon grand and trial jurors of Queens county; (2) whether or not section 513-a of the Judiciary Law, providing for the selection of " sheriff's " juries in Queens county, has been abrogated by said amendment. Upon the agreed statement of facts we find and decide as follows: (1) The amendment of article X, section 1, of the State Constitution, effective January 1, 1936, imposes upon the county clerk of Queens county the duty to sign and serve notices upon the grand and petit jurors in that county. The words " summon " and " notify " are to be used interchangeably. (Gen. Constr. Law, § 33-a.) The power to summon is expressly granted to the county clerk by the amendment. All power that is necessary to render effective this provision of the Constitution " must be deemed

implied and intended by the provision itself." (*Matter of Fraser* v. *Brown*, 203 N. Y. 136, 143.) It follows that the county clerk is granted this power and the corresponding duty is imposed upon him by the amendment itself, no legislative enactment being necessary to make it effective. (2) " Sheriff's juries " are petit juries in that they decide questions of fact only. Where there is apparent conflict between a provision of the Constitution and a legislative enactment, the latter must be deemed abrogated (*People ex rel. Snyder* v. *Hylan*, 163 App. Div. 219) and the power to summon " sheriff's " juries is now vested in the county clerk of Queens county. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ. [See *post*, p. 720.]